**Dated: August 14, 2026**

**The following is ORDERED:**

PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **IN RE:**<br><br>**JOEY PAUL JOHNSTON,**<br><br>**Debtor.** | **Case No. 24-10957-T**<br>**Chapter 7** |
| **ILENE J. LASHINSKY, UNITED STATES TRUSTEE,**<br><br>**Plaintiff,**<br>**v.**<br><br>**JOEY PAUL JOHNSTON,**<br><br>**Defendant.** | **Adv. No. 24-01031-T** |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court pursuant to the Motion for Relief from Default Judgment Denying Discharge (the "Motion"),[1] filed by Joey Paul Johnston ("Defendant"); and United States Trustee's Objection to Motion for Relief from Default Judgment Denying Discharge

[1] ECF No. 13.

(the "Objection"),[2] filed by the United States Trustee Ilene J. Lashinsky (the "UST"). The following findings of fact and conclusions of law are made pursuant to Federal Rule of Civil Procedure 52, made applicable to this bankruptcy proceeding by Federal Rule of Bankruptcy Procedure 7052.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b),[3] and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(J).

**Findings of Fact**

On July 29, 2024, Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.[4] On October 23, 2024, the UST filed a Motion to Extend Deadline for Objection to Discharge, which Defendant's counsel, Anna Hanson, did not oppose.[5] According to Defendant, however, he did not authorize or consent to his counsel's lack of opposition to the UST's requested extension of time.[6] After the Court granted the UST's motion to extend, the UST filed the Complaint in this adversary proceeding seeking denial of Defendant's bankruptcy discharge pursuant to 11 U.S.C. § 727(a)(2), (a)(3), (a)(4), and (a)(5).[7] Both Defendant and his counsel were then served with process of the Complaint.[8] The record before this Court indicates Ms. Hanson did

---

[2] ECF No. 14.

[3] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

[4] Case No. 24-10957, ECF No. 1.

[5] Case No. 24-10957, ECF No. 22.

[6] *See* ECF No. 13-2 at 1, ¶ 7.

[7] ECF No. 1.

[8] ECF No. 3.

not represent Defendant or enter an appearance as counsel of record in this adversary proceeding.[9] However, until recently, Defendant mistakenly believed that Ms. Hanson represented him in both his bankruptcy case and this adversary proceeding.[10]

Because Defendant never filed an answer or other responsive pleading, the UST requested an entry of default by the clerk, which was entered on January 28, 2025.[11] The UST then filed a motion for default judgment, which the Court granted on January 30, 2025.[12] The Court entered a Journal Entry of Default Judgment the same day.[13] Notice of the Order Granting Motion for Default Judgment and the Journal Entry of Default Judgment was sent to Defendant on February 1, 2025, and the adversary proceeding was closed on March 5, 2025.[14]

On May 8, 2025, Defendant emailed Ms. Hanson inquiring about the status of his bankruptcy case.[15] In response, Ms. Hanson advised Defendant that he had not received a discharge and that this would make it "as if [he] never filed for bankruptcy."[16] Then, on April 24, 2026, Aaron Compton, as Defendant's attorney in this matter, filed the instant Motion, requesting that the Court vacate the Order Granting Motion for Default Judgment and Journal Entry of Default Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) and (d)(3).[17]

---

[9] The "Disclosure of Compensation of Attorney for Debtor(s)" form filed with Defendant's bankruptcy petition expressly advised that Ms. Hanson would not represent him "in any dischargeability actions . . . or any other adversary proceeding." Case No. 24-10957, ECF No. 1 at 52.

[10] ECF No. 13-2 at 1, ¶ 3.

[11] ECF Nos. 4, 5.

[12] ECF Nos. 6, 7.

[13] ECF No. 8.

[14] ECF Nos. 10, 11, 12.

[15] ECF No. 13, Ex. A.

[16] *Id.*

[17] ECF No. 13.

According to the Motion, the judgment entered against Defendant was the result of "attorney misconduct, false legal advice, unauthorized acts, and [his] reasonable reliance on counsel's misrepresentations."[18] Defendant was under the impression that his bankruptcy counsel also represented him in this adversary proceeding and he therefore relied on advice from Ms. Hanson allegedly informing him that it was not necessary to seek relief from the default judgment. Defendant relied on this representation in making the decision not to seek relief. Defendant argues Ms. Hanson's advice constitutes gross negligence and that, based on these facts, there are "extraordinary circumstances" warranting relief from judgment pursuant to Rule 60(b)(6).

In response, the UST contends it was, or should have been, clear to Defendant that Ms. Hanson did not represent him in this adversary proceeding. According to the Objection, the "Disclosure of Compensation of Attorney for Debtor(s)" form explicitly states that Ms. Hanson would not represent Defendant "in any . . . adversary proceeding."[19] The UST also argues Defendant should have brought his Motion pursuant to Rule 60(b)(1). According to the UST, even if Defendant had sought relief pursuant to (b)(1), such claims would be barred by the one-year limitation imposed by Rule 60(c). Moreover, the UST asserts that the facts of this case do not present "extraordinary circumstances" for purposes of Rule 60(b)(6).

On August 4, 2026, the Court held a telephonic hearing on the Motion and the Objection.[20] Defendant reiterated that he was not aware that Ms. Hanson did not represent him in this adversary proceeding until recently. Furthermore, Defendant maintained that, upon Ms. Hanson's advice, he chose not to challenge the default judgment, and that Ms. Hanson was grossly negligent in administering such advice. In response, the UST reasserted the argument that Defendant is

---

[18] ECF No. 13 at 2.
[19] Case No. 24-10957, ECF No. 1 at 52.
[20] ECF No. 18.

precluded from seeking relief under Rule 60(b)(6) due, in part, to his failure to pursue relief pursuant to Rule 60(b)(1) and (b)(3) within the one-year limitation.

To the extent the Conclusions of Law contain any items that should more appropriately be considered Findings of Fact, they are incorporated herein by this reference.

**Conclusions of Law**

*A. Federal Rule of Civil Procedure 60(b)*

Federal Rule of Civil Procedure 60(b), made applicable here by Federal Rule of Bankruptcy Procedure 9024, allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for certain enumerated reasons. Subsections (b)(1) through (b)(5) provide specific bases for relief, while subsection (b)(6) is a "catch-all" provision allowing a party to file a Rule 60(b) motion for "any other reason that justifies relief." However, "[e]ven though a bankruptcy court has discretion to grant Rule 60 relief as justice requires, 'such relief is extraordinary and may only be granted in exceptional circumstances.'"[21]

The Tenth Circuit has explained that "the circumstances [triggering] Rule 60(b)(6) arise 'only when Rules 60(b)(1) through (b)(5) are inapplicable.'"[22] Under Rule 60(b)(1), relief may be granted for "mistake, inadvertence, surprise, or excusable neglect[.]" Motions under this provision are generally "intended to provide relief under two circumstances: '(1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2)

---

[21] *In re Funderburgh*, 526 B.R. 361, 371 (10th Cir. BAP 2015) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)).

[22] *Waetzig v. Halliburton Energy Servs., Inc.*, 145 F.4th 1279, 1283 (10th Cir. 2025) (quoting *Kemp v. United States*, 596 U.S. 528, 533 (2022)). *See Lender v. Unum Life Ins. Co. of Am., Inc.*, 519 F. Supp. 2d 1217, 1230 (M.D. Fla. 2007) ("To obtain relief from judgment under Rule 60(b)(6), a movant cannot offer reasons for relief that could otherwise be considered under one of the more specific provisions of Rule 60(b)(1)-(5); in other words, Rule 60(b)(1)-(5) and subsection (b)(6) are mutually exclusive.") (citations omitted).

when the judge has made a substantive mistake of law or fact in the final judgment or order.'"[23] Here, Defendant's argument is premised on his detrimental reliance on his bankruptcy counsel's allegedly negligent advice; as such, Rule 60(b)(1) appears to provide a potential avenue for setting aside the default judgment based on a litigation mistake. However, "Rule 60(b)(1) is not available to provide relief when a party takes deliberate action upon advice of counsel and simply misapprehends the consequences of the action[,]"[24] nor is it available for "carelessness by a litigant or his counsel[.]"[25] Furthermore, a motion seeking relief on the basis of mistake must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding."[26] Thus, "a party who failed to take timely action [pursuant to Rule 60(b)(1)] may not seek relief more than a year after the judgment by resorting to subsection (6)."[27] "[O]therwise, Rule 60(b)(6) would render the one-year limit applicable to Rule 60(b)(1-5) meaningless."[28]

---

[23] *Williamson v. Craig (In re Craig)*, No. 07-7003, 2008 WL 687192, at *2 (Bankr. D. Kan. Mar. 10, 2008) (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999)); *see Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996).

[24] *Cashner*, 98 F.3d at 578 (citations omitted). *See Yapp*, 186 F.3d at 1231 ("Thus, a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes."); *Bavely v. Powell (In re Baskett)*, 219 B.R. 754, 759 (6th Cir. BAP 1998); *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002) ("[O]ut-and-out lawyer blunders—the type of action or inaction that leads to successful malpractice suits by the injured client—do not qualify as 'mistake' or 'excusable neglect' within the meaning of Rule 60(b)(1)"); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097 (9th Cir. 2006) ("Generally speaking, Rule 60(b) is not intended to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret through second thoughts or subsequently-gained knowledge that corrects prior erroneous legal advice of counsel."); *Casey v. Albertson's, Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) ("As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1).").

[25] *In re Mattox*, No. 18-10101-13, 2020 WL 6194593, at *4 (Bankr. D. Kan. Oct. 19, 2020) (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990)).

[26] Fed. R. Civ. P. 60(c)(1).

[27] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).

[28] *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1174 (10th Cir. 2000) (citation omitted).

However, a party may resort to Rule 60(b)(6) if the conduct at issue does not fit squarely within the bases provided by (b)(1) through (5). Thus, a party seeking to set aside a default judgment may be entitled to such relief pursuant to Rule 60(b)(6) if "extraordinary circumstances [] prevented or rendered [the party] unable to prosecute [his case]."[29] These circumstances must constitute "*something more* than one of the grounds contained in Rule 60(b)'s first five clauses[,]" and "must include unusual and extreme situations where principles of equity mandate relief."[30] The Third, Sixth, Ninth, and Federal Circuits have found "extraordinary circumstances" warranting the setting aside of a default judgment "where [a party] has demonstrated gross negligence on the part of [the party's] counsel . . . ."[31] However, this approach is widely disfavored,[32] and "[t]he Tenth Circuit has specifically expressed a 'strong predisposition . . . against [the] granting of 60(b) relief for inadequacy of a party's chosen counsel.'"[33]

The Court finds Defendant's request for relief should be denied. Because Defendant's primary argument is based on a party's litigation mistake, he should have sought relief pursuant to Rule 60(b)(1).[34] However, because the default judgment was entered on January 30, 2025, Defendant's deadline for timely seeking such relief was January 30, 2026. Defendant's Motion

---

[29] *See Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) (first quoting *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir. 1971); and then citing *Pioneer*, 507 U.S. at 393).

[30] *In re Balser*, No. 10-17292, 2013 WL 4409187, at *10 (Bankr. D. Mass. July 23, 2013) (quoting *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468-69 (6th Cir. 2007)) (emphasis added).

[31] *See Tani*, 282 F.3d at 1168-69 (collecting cases).

[32] *Martin v. SGT, Inc.*, No. 2:19-cv-00289, 2023 WL 3585326, at *10 (D. Utah May 22, 2023) (citing *D'Angelo v. State Farm Fire & Cas. Co.*, 32 F. App'x 604, 605 (2d Cir. 2002) and *Longs v. City of S. Bend*, 201 F. App'x 361, 364 (7th Cir. 2006)).

[33] *Id.* at *10 (quoting *Thunder Mountain Custom Cycles, Inc. v. Thiessen Prods., Inc.*, No. 06-cv-02527, 2008 WL 5412463, at *3 (D. Colo. Dec. 24, 2008)).

[34] The Court notes Defendant's argument appears to disregard the fact that Ms. Hanson was not Defendant's attorney in this adversary proceeding and fails to fully address the implications of such a fact.

was filed well over a year after the entry of judgment. Therefore, he is barred from seeking relief pursuant to Rule 60(b)(1).

Even assuming Defendant could properly seek relief under Rule 60(b)(6), the circumstances of this case do not establish "extraordinary circumstances" justifying vacatur of the default judgment.[35] While the Court is sympathetic to Defendant's misunderstanding regarding his legal representation, *there is no evidence indicating that Ms. Hanson represented Defendant at any time in this adversary proceeding*. Not only did the "Disclosure of Compensation of Attorney for Debtor(s)" form expressly state that Ms. Hanson would not represent Defendant in any adversary proceeding, but Ms. Hanson also never entered an appearance on Defendant's behalf in this matter. Regardless, Defendant would not be entitled to relief even if the Court found the email at issue constitutes inadequate legal advice from Defendant's counsel.[36] As discussed above, the Tenth Circuit has explicitly stated that Rule 60(b)(6) does not provide relief for a party's deliberate actions taken upon advice of counsel even if said advice constitutes gross negligence. The Court cannot overlook the reality that Defendant chose to rely on Ms. Hanson's advice in deciding not to challenge the default judgment. As such, the Court finds Defendant has not demonstrated that he is entitled to relief pursuant to Rule 60(b)(6).

*B. Federal Rule of Civil Procedure 60(d)*

Defendant also argues the Court may set aside the default judgment based on Rule 60(d)(3) "for fraud on the court." In support of this contention, Defendant claims Ms. Hanson agreed, without his authorization or consent, to the UST's request to extend the deadline to object to

---

[35] *Compare Waetzig*, 145 F.4th at 1284, *and Cashner*, 98 F.3d at 580, *and Latshaw*, 452 F.3d at 1102-04, *with Tani*, 282 F.3d at 1170-72.

[36] *See Lender*, 519 F. Supp. 2d at 1230 (citing *Pioneer*, 507 U.S. at 397) ("[B]ecause of the mutual exclusivity of Rule 60(b)'s provisions, relief is generally unavailable under subsection (b)(6) for the gross negligence or incompetence of one's attorney.").

dischargeability in his underlying bankruptcy case.[37] As to Defendant's Rule 60(d)(3) claim, the UST asserts that the circumstances of this case do not present facts demonstrating the kind of egregious conduct necessary to constitute "fraud on the court."

"Fraud on the court," for purposes of Rule 60(d)(3), refers to "fraud which is directed to the judicial machinery itself *and is not* fraud between the parties or fraudulent documents, false statements or perjury."[38] Moreover, "fraud on the court" generally refers to "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated[.]"[39] To show fraud on the court, a party must provide proof of the fraud; "an intent to deceive or defraud the court, by means of a deliberately planned and carefully executed scheme"[40]; and "an injury to more than a single litigant that assaults the integrity of the judicial process."[41] Proof of "[i]ntent to defraud is an absolute prerequisite to a finding of fraud on the court[,]" given that the consequences of committing fraud on the court are severe.[42]

Defendant's allegations regarding Ms. Hanson's allegedly unauthorized behavior do not constitute "fraud on the court" for purposes of Rule 60(d)(3). Defendant claims Ms. Hanson agreed to the UST's request for an extension of time without his consent. Even assuming Ms. Hanson

---

[37] *See* Case No. 24-10957, ECF Nos. 22, 23. Defendant also contends he has a meritorious defense against each of the claims asserted in the Complaint; however, because the Court finds Defendant is not entitled to relief pursuant to Rule 60(b)(6) for the reasons set forth above, it will not address Defendant's arguments regarding the merits of his defenses to the Complaint.

[38] *Hill v. Jankowski (In re Dey)*, No. 13-01138, 2015 WL 669788, at *4 (10th Cir. BAP Feb. 17, 2015) (quoting *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985)).

[39] *Id.* at *5 (quoting *Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996)).

[40] *In re Ontiveros*, No. 13-12-12457, 2013 WL 4776507, at *3 (Bankr. D.N.M. Sept. 4, 2013) (quoting *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1292 (10th Cir. 2005)).

[41] *In re Dey*, 2015 WL 669788, at *4.

[42] *Id.* at *5 (quoting *Weese*, 98 F.3d at 553); *see Parr v. Rodriguez (In re Parr)*, No. CO-18-084, 2019 WL 365748, at *4 (10th Cir. BAP Jan. 30, 2019) (affirming the bankruptcy court's denial of relief under Rule 60(d)(3) given the debtor's failure to introduce any evidence of fraud).

intentionally disregarded Defendant's opposition to the UST's request for an extension, such conduct is not the type of egregious misconduct contemplated by Rule 60(d)(3). Defendant has not provided any evidence suggesting Ms. Hanson committed fraud by agreeing to the requested extension or did so with the intent to defraud, nor has he shown that more than a single litigant sustained injury as the result of an assault of the judicial process. As such, the Court cannot find Defendant is entitled to relief pursuant to Rule 60(d)(3).

**Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED that the Motion for Relief from Default Judgment Denying Discharge, at ECF No. 13, is DENIED.